(No. 2883—

JOHN F. BARNIER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1936.*

CHAS. G. PALMER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on April 15th, 1936 and alleges therein that on July 19th, 1934 he was enrolled in the Civilian Conservation Corps at Camp St. Charles, West

Chicago, Illinois; "that on September 3d, 1935 claimant was assigned to road work under Mr. Charles F. Selby, Project Superintendent of 1673 Company CCC, doing manual labor on soil erosion control;" that on September 3d, 1935 while in the course of his employment and while getting out of a dump truck, he slipped and fell, landing on the ground "stiff-legged and flat-footed, and fell face forward, causing severe spinal impaction", which has resulted in a partial paralysis which has progressively become worse.

Claimant remained in bed in his quarters under the care of the camp doctor until October 12th, 1935, at which time he was removed to Fort Sheridan. He remained at the Fort Sheridan Hospital until December 9th, 1935, at which time he was removed to Edward Hines, Jr. Hospital, Hines, Illinois, where he is still confined.

Claimant in his complaint alleges that he is completely and permanently disabled.

The Attorney General has moved to dismiss the case on the ground that there is no liability on the part of the respondent under the facts alleged in the complaint.

It is essential as the basis of a right to compensation, that the employee allege and prove that the relation of employer and employee existed at the time of the accident in question. Angerstein "The Employer and the Workmen's Compensation Act of Illinois", 1935 Supplement, p. 289.

There is nothing in the complaint to indicate that the claimant was at any time in the employ of the State of Illinois, nor is there anything to indicate that he was performing any work for the State of Illinois, or that he was being paid by the State.

The Civilian Conservation Corps is not a State institution, nor are the persons enrolled therein employees of the State of Illinois.

As to whether the claimant is entitled to compensation under any Federal law, we express no opinion, as that matter is not before us.

Under the facts set forth in the complaint herein, we have no authority to allow an award, and the motion of the Attorney General must therefore be sustained.

Motion sustained. Case dismissed.